IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *BRITTANI DANETTE ATKINS* , </br>     Plaintiff, </br> </br> *v.* </br> </br> *HEALTHCARE REVENUE RECOVERY GROUP, L.L.C.*, </br>     Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## COMPLAINT

Plaintiff Brittani Atkins, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1)    The Fair Debt Collection Practices Act prohibits a debt collector to place telephone calls without meaningfully disclosing its identity and to cause a phone to ring with the intent to annoy. In the case at bar, Debt Collector-Defendant Healthcare Revenue Recovery Group, LLC continued to place telephone calls to Ms. Brittani Atkins, only to hang-up on her without making any statement at all, even after she had already advised the Defendant that she would not speak with the Defendant. Thus, Defendant Healthcare Revenue Recovery Group, LLC violated the F.D.C.P.A.

### Jurisdiction and Venue.

2)    Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because this action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

3) Plaintiff Brittani Atkins is a "consumer" as that term is defined in the FDCPA, at 15 U.S.C. § 1692a(3); and Ms. Brittani Atkins is also a resident of the Eastern Division.

4) Defendant Healthcare Revenue Recovery Group LLC is a "debt collector" as that term is defined in the Act, at 15 U.S.C. § 1692a(6); and the Defendant is also a Limited Liability Company authorized to transact business in Illinois.

**Factual Allegations.**

5) Like millions of other Americans, Ms. Brittani Atkins has incurred significant consumer debts, she has struggled to service all of her consumer debts, and she eventually became delinquent with respect to some consumer debts, including a consumer debt for less than $30 to Little Company of Mary Hospital.

6) Defendant Healthcare Revenue Recovery Group is seeking to collect on Ms. Atkins' consumer debt of less than $30.

7) Upon information and belief, Defendant Healthcare Revenue Recovery places telephone calls only from the East Coast.

8) However, Defendant Healthcare Revenue causes local telephone numbers to appear on Ms. Atkins' phone caller identification system, so as to mislead her into believing that a relative or friend is calling her.

9) Defendant Healthcare Revenue's telephone calls display only local phone numbers on Ms. Atkins' phone calll ID system and the Defendant's calls do not otherwise disclose the caller's identity.

10) Precisely because Defendant Healthcare Revenue's telephone calls displayed only local phone numbers on Ms. Atkins' caller ID, Ms. Atkins did not know whether the callers were her

relatives or friends calling from a hospital emergency room, from a police booking desk, or from the side of an expressway.

11) Precisely because Defendant Healthcare Revenue's telephone calls displayed only local phone numbers, in March 2021, Ms. Atkins answered the Defendant's call. (Had Defendant Healthcare Revenue caused an out-of-state telephone number or the Defendant's name to display on Ms. Atkins' caller ID, she would not have accepted the Defendant's call and she would have blocked the Defendant's calls.)

12) When Ms. Atkins answered Defendant Healthcare Revenue's telephone call, the Defendant stated that it could not communicate further with Ms. Atkins unless she disclosed her personal information.

13) Ms. Atkins responded by stating that she would refuse to disclose her personal information and she stated that she did not have any reason to speak with Defendant Healthcare Revenue and she disconnected their call.

14) Despite Defendant Healthcare Revenue's knowledge that it would not be able to communicate meaningfully with Ms. Atkins because she would refuse to disclose her personal information and despite her statement to the Defendant that she did not have any reason to communicate with the Defendant, the Defendant continued to place at least 5 more telephone calls to her.

15) In April 2021, Defendant Healthcare Revenue placed another telephone call to Ms. Atkins, again causing only a local phone number to display on caller ID, and when Ms. Atkins answered, the Defendant disconnected that call without making any statement at all.

16) Defendant Healthcare Revenue's displaying of local telephone numbers caused an injury-in-fact to Ms. Atkins because, *inter alia*, this displaying of local phone numbers caused Ms.

Atkins to refrain from blocking the Defendant's calls, and the continuing calls were pestiferous to her.

17) Defendant Healthcare Revenue's continuing telephone calls to Ms. Atkins and the Defendant's disconnecting of its phone call (without making any statement) also caused an injury-in-fact to Ms. Atkins because, *inter alia*, these calls and the disconnection upset Ms. Atkins so much that she began to tremble.

## Causes of Action.

### Count One  (15 U.S.C. § 1692e)

18) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means." Thus, Section 1692e is violated when a "caller identification device mask[s] that a debt collector [i]s calling." *Knoll v. Allied Interstate, Inc.*, 502 F. Supp. 2d 943, 948 (D.Minn. 2007).

19) Defendant Healthcare Revenue violated Section 1692e by using deceptive and misleading representations by causing local telephone numbers to appear on Ms. Atkins' phone caller I.D. system, so as to deceive her into believing that a relative or friend was calling her so that she would accept the call.

### Count Two  (15 U.S.C. § 1692d(6)).

20) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person." Subsection 1692d(6) specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." "Plaintiff alleges that Defendant hung up either prior to or as soon as Plaintiff [ ] or Plaintiff's voice mail answered the call. Accordingly, if, as Plaintiff claims, Defendant called Plaintiff and hung up the phone, common

sense dictates that Defendant did not provide 'meaningful disclosure of [its] identity,' as required by § 1692d(6)." *Sussman v. I.C. Sys. Inc.*, 928 F. Supp. 2d 784, 794 (S.D.N.Y. 2013) (internal quotations and citations omitted). "Plaintiff further contends that defendant violated FDCPA section 1692d(6) … by placing telephone calls to plaintiff and hanging up the line when plaintiff or his answering machine answers. If, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6)." *Langdon v. Credit Mgmt., L.P.*, 2010 WL 3341860, *2 (N.D.CA. 2010) (internal quotations omitted).

21) Defendant Healthcare Revenue violated Subsection 1692d(6) by placing telephone calls to Ms. Atkins, causing only local telephone numbers to appear on her caller ID, and then disconnecting without making any statement at all.

## Count Three (15 U.S.C. § 1692d(5)).

22) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse." Subsection 1692d(5) specifically prohibits a debt collector to "[c]aus[e] a telephone to ring … repeatedly or continuously with intent to annoy."

23) Defendant Healthcare Revenue violated Subsection 1692d(5) by:

a) causing Ms. Atkins' telephone to ring even after she stated to the Defendant that she would not disclose her personal information and that she does not have any reason to communicate with the Defendant, and
b) causing Ms. Atkins' telephone to ring, having her answer that phone call, and then simply disconnecting that call, even after she advised the Defendant that she does not have any reason to communicate with the Defendant.

**Prayer for Relief.**

WHEREFORE, Brittani Atkins requests that this Court hold a trial by jury and that this Court enter judgment in her favor (and against Defendant Healthcare Revenue) for her actual and statutory damages, including reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

        Respectfully submitted,
        Plaintiff's, Brittani Atkins', Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494