**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *BRITTANI DANETTE ATKINS*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *HEALTHCARE REVENUE RECOVERY GROUP, L.L.C.*, | ) |
|     Defendant. | ) |

**PLAINTIFF BRITTANI ATKINS' MOTION TO
FILE DOCUMENT UNDER SEAL**

      The Defendant moves to dismiss Plaintiff Ms. Atkins' complaint and argues that Ms. Atkins lacks standing. Ms. Atkins responds that she does have standing because she "conveyed to the Defendant that Plaintiff would not communicate further with the Defendant" and that she "told [the Defendant's representative to] just take [Ms. Atkins] off the database[, but the Defendant's representative] kept -- they kept calling." (ECF 46 (Ms. Atkins' Response), p. 2.) Ms. Atkins supports her assertions by citing to the Defendant's own produced call log, which establishes that, after Ms. Atkins' conversation with the Defendant, the Defendant continued to call Ms. Atkins at least 8 times. *See Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 463 (7th Cir. 2020) ("[a] few unwanted … text messages can constitute a concrete injury-in-fact for Article III purposes").

      However, pursuant to the Court's Confidentiality Order (ECF 24), the Defendant has designated its call log as "Confidential" and, thus, Ms. Atkins cannot file the Defendant's call log in a public document. Hence, Ms. Atkins respectfully moves for leave to file the Defendant's call log under seal, so that she can establish that, after her conversation with the Defendant,

the Defendant did continue to call her at least 8 times.

        Respectfully submitted,
        Plaintiff's, Britani Atkins's, Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494